```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONSTANCE ELDRIDGE,                        :
                                           :
                 Plaintiff,                :   15-cv-3929 (NSR) (PED)
                                           :
        -against-                          :   ORDER ADOPTING REPORT &
                                           :   RECOMMENDATION
CAROLYN W. COLVIN,                         :
ACTING COMMISSIONER OF SOCIAL SECURITY,    :
                                           :
                 Defendant.                :
------------------------------------------------------------X
```

NELSON S. ROMÁN, United States District Judge:

Plaintiff Constance Y. Eldridge ("Plaintiff" or "Eldridge") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Defendant" or "Commissioner") which denied her application seeking benefits on the basis she was not disabled as defined by the Social Security Act ("SSA"). 42 U.S.C.§§ 423 et seq. By Order of Reference, dated August 11, 2015, this case was referred to Magistrate Judge Paul E. Davison ("Magistrate Judge Davison") who was tasked with resolving Defendant's motion and Plaintiff's cross-motion seeking judgment on the pleadings (pursuant to FRCP § 12C). On June 29, 2016, Magistrate Judge Davison issued a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and FRC P § 72(b), recommending Defendant's motion be denied and granting Plaintiff's motion to the extent of remanding the case, pursuant to 42 U.S.C. § 405 (g), for further administrative proceedings. For the following reasons, the Court adopts the R&R remanding this matter for further administrative proceedings.

### I. BACKGROUND[1]

---

[1] Facts are taken from the R & R, unless otherwise noted.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/2/2016

By decision of the Administrative Law Judge ("ALJ") of the Administration of Social Security ("Administration"), dated January 2, 2014, Plaintiff's application seeking benefits was denied. On March 25, 2014, the Commissioner adopted the determination of the ALJ after the Administration's Appeal Council issued a notice denying review. Plaintiff, seeking to challenge the decision of the Commissioner, timely commenced the instant action on May 20, 2015. By Order of Reference, dated August 11, 2015, this matter was referred to Magistrate Judge Davison. Each party filed a motion, pursuant to FRCP § 12( c), seeking judgment on the pleadings in their favor.

On June 29, 2016, Magistrate Judge Davison issued an R&R denying Defendant's motion seeking to affirm the Commissioner's decision denying benefits to Plaintiff and granting Plaintiff's motion to the extent of remanding the matter to the Administration for further proceedings. Magistrate Judge Davison determined the ALJ failed to provide a basis for his credibility determinations, disregarded medical evidence favorable to Plaintiff, and failed to give appropriate deference to Plaintiff's treating physician reports. Magistrate Judge Davison noted, pursuant to the treating physician rule, the ALJ is required to give due deference to the medical opinion of a claimant's treating physician and that such opinion is to be afforded controlling weight, when supported by substantial evidence in the record, such as the opinions of other medical experts. See, 20 C.F.R. § 404.1527(d)(2); *Halloran v. Barnhart*, 362 F.3d 28 (2d Cir. 2004). To date, neither party has filed written objections to the R&R.

## II. STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); accord 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); accord Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); accord *Feehan v. Feehan*, No. 09 Civ. 7016, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### III.    DISCUSSION

Here, as neither party objected to the R&R of Magistrate Judge Davison, the Court reviews the recommendation for clear error. The Court finds no error on the face of the R&R. Magistrate Judge Davison undertook a detailed review and analysis of the proffered evidence. He also identified factual and legal deficiencies in the ALJ analysis which may be outcome determinative. Accordingly, the Court finds no clear error and adopts the R&R in its entirety.

### IV.    CONCLUSION

For the reasons stated above, this Court adopts Magistrate Judge Davison's R&R in its entirety. The instant action is remanded to the Administration for further proceedings consistent

with Magistrate Judge Davison's R&R and this Order. The Clerk of Court is respectfully requested to terminate the motions (ECF Nos. 12 and 15) and directed to terminate this case.

Dated: November 2, 2016
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge